UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMMUNITY HOSPITAL OF THE MONTEREY PENINSULA,<br><br>Plaintiff,<br><br>v.<br><br>OFFICE OF PERSONNEL MANAGEMENT,<br><br>Defendant. | Case No.: 20-CV-9320 YGR<br><br>ORDER DENYING MOTION TO DISMISS; REFERRING TO MAGISTRATE JUDGE FOR SETTLEMENT CONFERENCE; SETTING CASE MANAGEMENT CONFERENCE<br><br>DKT. NO. 17 |

Plaintiff Community Hospital of the Monterey Peninsula ("Community Hospital") brings this action against defendant Office of Personnel Management ("OPM") alleging a single claim for recovery of plan benefits under the Federal Employees Health Benefit Act of 1959 ("FEHBA"), 5 U.S.C. § 8904. OPM filed a motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure on the grounds that the Court lacks subject matter jurisdiction due to Community Hospital's failure to allege a waiver of sovereign immunity and its lack of standing; and under Rule 12(b)(6) on the grounds that Community Hospital lacks authority to pursue an appeal or exhaust administrative remedies as required by the statute.

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court **DENIES** the Motion to Dismiss.

I. **BACKGROUND**

The complaint herein alleges that Community Hospital is a community-based health care provider which provided services to the patient whose claim for medical treatment is at issue herein

("Patient") from her emergency admission on April 18, 2018, until she died on June 5, 2018. (Complaint ¶¶ 6, 7, 12, 19.) During her treatment at Community Hospital, Patient executed an assignment of benefits to Community Hospital for her medical care. (*Id*. ¶ 8.)[1] OPM was the operator and administrator of Patient's federal employee health benefit plan ("FEHBP") and contracted with Aetna Life Insurance Company ("Aetna") to provide those health plan benefits to Patient.

During the course of treatment, Aetna provided express verbal and written authorization for Patient's admission and treatment from April 18, 2018 through May 27, 2018. (Complaint ¶ 16.) On or about May 23, 2018, Community Hospital received a written notification from Aetna authorizing inpatient hospice care from May 22, 2018 forward. (*Id*. ¶ 17.) Thereafter, around May 31, 2018, Community Hospital was notified by Aetna that the treatment Patient received (not inpatient hospice care) was denied from May 28, 2018 forward as not medically necessary. (*Id*. ¶ 18.) The complaint alleges that Community Hospital provided emergency, medically necessary care and treatment to Patient until she died on June 5, 2018, and on June 25, 2018, submitted to Aetna a bill in the amount of $80,902.00 for the services provided to Patient from May 28, 2018 through June 5, 2018, which Aetna refused to pay. (*Id*. ¶¶ 19-21.)

Community Hospital alleges that it exhausted Aetna's internal appeals process and, around March 5, 2019, submitted an appeal to OPM pursuant to the FEHBP's administrative appeals procedure. (Complaint ¶¶ 22, 23.) OPM did not respond to that administrative appeal and the outstanding balance remains unpaid. (*Id*. ¶ 24.) The complaint herein followed on December 23, 2020. (Dkt. No. 1.)

---

[1] OPM argues that the Court can consider the copy of the Assignment included with a set of documents filed under seal and captioned "Administrative Record" at Docket No. 19 in this matter. OPM contends that the Assignment can be considered "under Rule 12(b)(6) standards because '(1) the complaint refers to the document; (2) the document is central to plaintiff's claim, and (3) no party questions the authenticity of the document.'" (Motion at 6-7, n.2 (citing *U.S. v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011)).) Plaintiff has not objected. The Court therefore **GRANTS** judicial notice of the Assignment filed therein.

2

## II. DISCUSSION

OPM offers a variety of arguments why the complaint herein should be dismissed, nearly all of which boil down to the assertion that the Assignment executed by Patient in favor of Community Hospital does not constitute a "specific written consent" for purposes of the regulations under the FEHBA governing the right to appeal a denial of benefits. The regulations at 5 C.F.R. § 890.105 provide, in pertinent part:

> (a) General.
> (1) Each health benefits carrier resolves claims filed under the plan. All health benefits claims must be submitted initially to the carrier of the covered individual's health benefits plan. If the carrier denies a claim (or a portion of a claim), the covered individual may ask the carrier to reconsider its denial. If the carrier affirms its denial or fails to respond as required by paragraph (c) of this section, the covered individual may ask OPM to review the claim. A covered individual must exhaust both the carrier and OPM review processes specified in this section before seeking judicial review of the denied claim.
>
> (2) ***This section applies to covered individuals and to other individuals or entities who are acting on the behalf of a covered individual and who have the covered individual's specific written consent to pursue payment of the disputed claim***.

5 C.F.R. § 890.105(a) (emphasis supplied). Thereafter, in subparts addressing time limits for reconsideration, information required to process requests for reconsideration, carrier determinations of an appeal, and OPM review, the regulations refer only to "the covered individual." *Id*. §890.15(b), (c), (d), (e). A reasonable reading of the plain language of the regulation indicates that the "general" provision, expressing that "covered individual" includes those acting on the covered individual's "specific written consent," applies to all subparts of the regulation, including OPM review. To the extent OPM argues otherwise, it has failed to provide persuasive authority to support a contrary reading.

The regulations further provide for judicial review of a final action by OPM denying a health benefits claim, as follows:

> (c) Federal Employees Health Benefits (FEHB) carriers resolve FEHB claims under authority of Federal statute (5 U.S.C. chapter 89). ***A covered individual may seek judicial review of OPM's final action on the denial of a health benefits claim.*** A legal action to review final action by OPM involving such denial of health benefits must be brought against OPM and not against the carrier or carrier's subcontractors. The recovery in such a suit shall be limited to a court

3

> order directing OPM to require the carrier to pay the amount of benefits in dispute.
> (d) An action under paragraph (c) of this section to recover on a claim for health benefits:
> > (1) ***May not be brought prior to exhaustion of the administrative remedies provided in § 890.105***;
> > (2) May not be brought later than December 31 of the 3rd year after the year in which the care or service was provided; and
> > (3) Will be limited to the record that was before OPM when it rendered its decision affirming the carrier's denial of benefits.

5 C.F.R. § 890.107(c) (emphasis supplied). Again, a reasonable reading of the regulation here is that an individual or entity acting on behalf of "a covered individual," pursuant to a "specific written consent," may pursue judicial review of OPM's final action as well.[2] OPM's reading—that no one other than the "covered individual" may seek judicial review—finds no support in any authority or a plain reading of the regulation.[3]

Each of OPM's arguments rely on the premise that health care providers have no right to relief under the FEHBA and that Community Hospital has not demonstrated a "specific written consent" to pursue the benefits claims in her name. Thus, OPM argues Community Hospital's claims are barred by sovereign immunity, fail for lack of standing, and are insufficient to establish administrative exhaustion for lack of authority to pursue an administrative appeal to OPM, all based on Community Hospital's status as a treatment provider holding an assignment of benefits.

---

[2] That the two sections should be read consistently in this way is underscored by the fact that they cross-reference one another. *See* 5 C.F.R. § 890.105(a)(1) (must exhaust the "processes specified in this section before seeking judicial review"); 5 C.F.R. § 890.107(d)(1) (judicial review action "[m]ay not be brought prior to exhaustion of the administrative remedies provided in § 890.105).

[3] OPM quotes selectively from the regulatory history of the final rule, suggesting that the history supports an interpretation limiting judicial review to the covered individual *only*, not others acting on their behalf with their written consent. That paragraph of the Federal Register in fact stated:
> Three commenters suggested that we amend the regulations to clarify that the regulations apply to providers to whom the covered individual has assigned the right to pursue the claim. We have not accepted this suggestion because the right of access to the disputed claims process belongs to the covered individual. ***We have amended the interim regulations to clarify that another person or entity, whether or not a provider, can gain access to the disputed claims process only when acting on behalf of the covered individual and with the covered individual's specific written consent***.

61 FR 15177-01 (April 5, 1996) (emphasis supplied). If anything, this history undercuts OPM's argument on this point.

As to the sovereign immunity argument, the Court finds OPM's assertions without merit. As stated above, the regulations permit parties acting with specific written consent on behalf of the covered individual to seek judicial review. The United States waived sovereign immunity for claims for payment of FEHBA benefits in 5 U.S.C. § 8912 (federal district courts and Court of Federal Claims have concurrent, original jurisdiction over civil actions against the United States based on FEHBA, 5 U.S.C. §§ 8901 *et seq*.); *see also RAI Care Centers of Maryland I, LLC v. Off. of Pers. Mgmt.*, 459 F.Supp.3d 124, 130-31 (D.D.C. 2020) (the "broad language of 8 U.S.C. § 8912, which does not refer to any particular type of plaintiff, plainly covers" benefits dispute by assignor-provider); *Nat'l Treasury Emps. Union v. Campbell*, 589 F.2d 669, 674 (D.C. Cir. 1978) (section 8912 provides "broad consent to all suits brought to enforce rights and obligations created by the Health Benefits Act"). Further, the complaint here is claim for payment of FEHBA benefits pursuant to an assignment from a FEHBA member, not for damages independent of FEHBA benefits. (Complaint, ¶¶ 25-30.)

The lack of standing argument fails on much the same grounds. Community Hospital has alleged that Patient executed an assignment of benefits, and that Community Hospital now brings a claim for payment of those plan benefits. Thus, Community Hospital has alleged a redressable injury, fairly traceable to OPM, based on OPM's role as the last step in the administrative review process for disputed benefits claims of covered individuals and their duly authorized representatives.

OPM's redux of its sovereign immunity argument in the guise of a 12(b)(6) motion—that Community Hospital has failed to state a claim because "damages" are not available against it—again overlooks the allegations of the Complaint clearly stating that the remedy sought is not garden variety money damages, but "the emergency, medically necessary benefits due" pursuant to the FEHBP. (Complaint ¶¶ 10, 36 ["The actions of OPM have caused damage to Community Hospital in the form of a denial of medical benefits."].)

Finally, OPM's convoluted arguments that the Assignment is mere "boilerplate," "conditional," and "does not specifically confer to Community Hospital any right to pursue

administrative appeals" lack legal authority or persuasive force. As the Supreme Court has held, an assignee stands in the shoes of the assignor and generally may assert whatever rights the assignor possessed. *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 286 (2008) (internal citation omitted); *see also RAI Care*, 459 F.Supp.3d at 132 and n.3 (in administrative proceeding against OPM, rejecting arguments that plaintiff treatment provider was required to allege specific details of the scope of the assignment since assignees typically have the same rights and remedies as their assignors). "No words of art are required to constitute an assignment; any words that fairly indicate an intention to make the assignee owner of a claim are sufficient." *DB Healthcare, LLC v. Blue Cross Blue Shield of Arizona, Inc.*, 852 F.3d 868, 876 (9th Cir. 2017) (quoting 29 WILLISTON ON CONTRACTS (4th ed.) § 74:3)).[4] "An assignment of the right to receive payment of benefits generally includes the limited right to sue for non-payment" and bring an action to recover benefits due. *Id.* at 877 n.7 (citing *Spinedex Physical Therapy USA Inc. v. United Healthcare of Arizona, Inc.*, 770 F.3d 1282, 1292 (9th Cir. 2014)).

Here, the Assignment is stated in a clause entitled "Assignment of Insurance Benefits" and provides that "if the patient is entitled to hospital benefits of any type arising out of a contract with a health insurance company or other third party, these benefits are hereby assigned to this hospital for application on the patient's bill." (Dkt. No. 19-1 at ECF 10.) In the absence of any evidence why those words should otherwise be limited, they carry with them a right to seek payment of benefits the same as Patient possessed.[5]

---

[4] The Court notes that both the Fifth and Tenth Circuits have decided appeals of disputed benefits claims, assigned to providers and pursued against OPM, without issue or analysis as to the scope or wording of the assignment. *See Weight Loss Healthcare Ctrs. of Am., Inc. v. OPM*, 655 F.3d 1202, 1204 (10th Cir. 2011) (reversing district court's decision affirming OPM's denial of claim brought by provider who had "obtained permission from [employee] to act on his behalf" on individual benefit claim); *Transitional Learning Cmty. at Galveston, Inc. v. OPM*, 220 F.3d 427, 429 (5th Cir. 2000) (reversing district court's summary judgment overruling OPM's decision in claim brought by provider on behalf of individual federal employee-judge).

[5] OPM's citation to the Ninth Circuit's decision in *Cedars-Sinai*, concerning a treatment provider's *own* claim for contract damages against an insurance carrier, is inapposite here, given that the claim based on an assignment from a covered individual. *Cf. Cedars-Sinai Med. Ctr. v.*

6

### III. CONCLUSION

Accordingly, the Motion to Dismiss is **DENIED**. Defendant shall file its answer to the complaint no later than August 6, 2021.

In addition, the Court **ORDERS** as follows:

(1) Pursuant to Local Rule 72-1, the Court **REFERS** this matter to a magistrate judge to conduct an early settlement conference at the assigned magistrate judge's earliest availability. The parties will be advised of the date, time, and place of the settlement conference by notice from the assigned magistrate judge. Should the case settle, the parties are ordered to file a Notice of Settlement within two business days so that the Court may vacate any pending dates.

(2) This matter is **SET** for a case management conference on **August 30, 2021**, **at 2:00 p.m**. The parties' joint case management statement is due no later than **August 23, 2021**. The Court will consider a request for continuance of the case management conference depending upon the scheduling of the settlement conference.

This terminates Docket No. 17.

**IT IS SO ORDERED**.

Date: July 14, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

*Nat'l League of Postmasters*, 497 F.3d 972, 976 (9th Cir. 2007) ("Neither party contends that Cedars–Sinai has S.M.'s specific written consent to pursue payment of a disputed claim.")

7